UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JACQUELINE BRITT,

                Plaintiff,

        - against -

MERRILL LYNCH & CO., INC. and RICHARD JOYCE,

                Defendants.
------------------------------------------------------------- x

**Electronic Filing**

08 Civ. 5356 (GBD) (RLE)

**ANSWER**

        Defendant Merrill Lynch & Co., Inc. ("Merrill Lynch") by its attorneys, Kramer Levin Naftalis & Frankel LLP, answers the complaint filed by plaintiff Jacqueline Britt ("Complaint") as follows:

        1.     Denies the allegations in paragraph 1 of the Complaint.

        2.     Denies the allegations in paragraph 2 of the Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages.

        3.     Does not respond to the allegations contained in paragraph 3 of the Complaint on the ground that they constitute legal conclusions or otherwise do not require a response, except denies that any unlawful act occurred and admits that Plaintiff purports to base jurisdiction on the recited statute.

        4.     Does not respond to the allegations contained in paragraph 4 of the Complaint on the ground that they constitute legal conclusions or otherwise do not require a response, except denies that any unlawful act occurred and admits that Plaintiff purports to base venue on the recited statute.

        5.     Admits the allegations contained in paragraph 5 of the Complaint.

KL3 2668824.2

6. Does not respond to the allegations contained in paragraph 6 of the Complaint on the ground that they constitute legal conclusions or otherwise do not require a response, except admits that Joyce resides in Westchester County, New York and is employed by Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPFS").

7. Denies knowledge or information sufficient to respond to the allegations contained in paragraph 7 of the Complaint, except admits that Britt was employed by MLPFS from on or about June 2004 through on or about February 2008 and worked at its offices located at 4 World Financial Center, 250 Vesey Street, New York, New York.

8. Denies the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint except admits that (i) Britt was employed by MLPFS as a salesperson/trader of shares of publicly-traded corporations at its offices located at 4 World Financial Center, 250 Vesey Street, New York, New York, and (ii) Britt took a maternity leave of absence while employed by MLPFS.

10. Denies the allegations contained in the first sentence within paragraph 10 of the Complaint. Denies knowledge or information sufficient to respond to the allegations contained in the second sentence within paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint, except admits that in or about Spring of 2004, MLPFS recruited Britt to join its equities trading group.

12. Denies the allegations contained in paragraph 12 of the Complaint and refers to the contents of the offer letter dated June 2, 2004, which MLPFS sent to Plaintiff.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

KL3 2668824.2

16.  Denies the allegations contained in paragraph 16 of the Complaint, except admits that Joyce's title is Managing Director.

17.  Denies the allegations contained in paragraph 17 of the Complaint.

18.  Denies the allegations contained in paragraph 18 of the Complaint, except admits that Nancy van der Ziel sent Plaintiff an email message in the form attached as Exhibit A to the Complaint.

19.  Denies the allegations contained in paragraph 19 of the Complaint.

20.  Denies the allegations contained in paragraph 20 of the Complaint.

21.  Denies the allegations contained in paragraph 21 of the Complaint.

22.  Denies the allegations contained in paragraph 22 of the Complaint, except admits that Britt's compensation declined while she was employed with MLPFS.

23.  Denies the allegations contained in paragraph 23 of the Complaint.

24.  Denies the allegations contained in paragraph 24 of the Complaint, except admits that Plaintiff resigned from MLPFS.

## FIRST CAUSE OF ACTION

25.  Repeats and reasserts responses in paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26.  Does not respond to the allegations contained in paragraph 26 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

27.  Does not respond to the allegations contained in paragraph 27 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

## **SECOND CAUSE OF ACTION**

35. Repeats and reasserts responses in paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36. Does not respond to the allegations contained in paragraph 36 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

37. Does not respond to the allegations contained in paragraph 37 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

KL3 2668824.2

### THIRD CAUSE OF ACTION

44. Repeats and reasserts responses in paragraphs 1 through 43 of the Complaint as though fully set forth herein.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint.

48. Denies the allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint.

### FOURTH CAUSE OF ACTION

51. Repeats and reasserts responses in paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52. Does not respond to the allegations contained in paragraph 52 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

### FIFTH CAUSE OF ACTION

57. Repeats and reasserts responses in paragraphs 1 through 56 of the Complaint as though fully set forth herein.

KL3 2668824.2

58. Does not respond to the allegations contained in paragraph 58 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

59. Denies the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint.

61. Denies the allegations contained in paragraph 61 of the Complaint.

62. Denies the allegations contained in paragraph 62 of the Complaint.

63. Denies the allegations contained in paragraph 63 of the Complaint.

64. Denies the allegations contained in paragraph 64 of the Complaint.

65. Denies the allegations contained in paragraph 65 of the Complaint.

66. Denies the allegations contained in paragraph 66 of the Complaint.

## SIXTH CAUSE OF ACTION

67. Repeats and reasserts responses in paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68. Does not respond to the allegations contained in paragraph 68 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Denies the allegations contained in paragraph 70 of the Complaint.

71. Denies the allegations contained in paragraph 71 of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint.

73. Denies the allegations contained in paragraph 73 of the Complaint.

74. Denies the allegations contained in paragraph 74 of the Complaint.

KL3 2668824.2

## SEVENTH CAUSE OF ACTION

75. Repeats and reasserts responses in paragraphs 1 through 74 of the Complaint as though fully set forth herein.

76. Denies the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint.

78. Denies the allegations contained in paragraph 78 of the Complaint.

79. Denies the allegations contained in paragraph 79 of the Complaint.

80. Denies the allegations contained in paragraph 80 of the Complaint.

81. Denies the allegations contained in paragraph 81 of the Complaint.

## EIGHTH CAUSE OF ACTION

82. Repeats and reasserts responses in paragraphs 1 through 81 of the Complaint as though fully set forth herein.

83. Does not respond to the allegations contained in paragraph 83 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

84. Denies the allegations contained in paragraph 84 of the Complaint.

85. Denies the allegations contained in paragraph 85 of the Complaint.

86. Denies the allegations contained in paragraph 86 of the Complaint.

87. Denies the allegations contained in paragraph 87 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

88. The Complaint fails to state a cause of action upon which relief may be granted.

KL3 2668824.2

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

89.     Plaintiff's claims are barred, at least in part, by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

90.     Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

91.     Plaintiff's claims are barred because MLPFS exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior and plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by MLPFS or to avoid harm otherwise.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

92.     Plaintiff's claims are barred against Joyce because he is not a proper party.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

93.     Defendant Merrill Lynch did not employ Plaintiff and therefore is not a proper party.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

94.     Plaintiff failed to satisfy the requirements to assert a cause of action under Article 8 of the Administrative Code of the City of New York.

KL3 2668824.2

- 9 -

WHEREFORE, Defendant Merrill Lynch requests entry of judgment (1) against Plaintiff dismissing the Complaint with prejudice; (2) awarding Defendant attorneys' fees and the costs and disbursements of this action; and (3) granting Defendant such other and further relief as the Court may deem, just and proper.

Dated: New York, New York
       August 18, 2008

                KRAMER LEVIN NAFTALIS & FRANKEL LLP

                By:  /s/ Kevin B. Leblang
                      Kevin B. Leblang
                      Izabel P. McDonald

                1177 Avenue of the Americas
                New York, New York 10036
                (212) 715-9100
                kleblang@kramerlevin.com
                imcdonald@kramerlevin.com

                *Attorneys for Defendant*
                Merrill Lynch & Co.

To:   Paul J. Hanly, Jr., Esq.
      Andrea Bierstein, Esq.
      112 Madison Avenue, 7th Floor
      New York, New York 10016
      (212) 784-6400
      phanly@hanlyconroy.com
      abierstein@hanlyconroy.com

      *Attorneys for Plaintiff*
      Jacqueline Britt

KL3 2668824.2

To:   Ronald C. Minkoff, Esq.
      Amelia K. Seewann, Esq.
      488 Madison Avenue, 10th Floor
      New York, New York  10022
      (212) 980-01020
      rminkoff@fkks.com
      aseewann@fkks.com

      ***Attorneys for Defendant***
      **Richard Joyce**