Ronald C. Minkoff, Esq.
Lia N. Brooks, Esq.
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022
(212) 980-01020
rminkoff@fkks.com
lbrooks@fkks.com
*Attorneys for Defendant Richard Joyce*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
JACQUELINE BRITT,

       Plaintiff,

   - against -

MERRILL LYNCH & CO., INC. and RICHARD JOYCE,

       Defendants.
---------------------------------------------------------------x

**Electronic Filing**

08 CV 5356 (GBD) (RLE)

**ANSWER OF RICHARD JOYCE**

  Defendant Richard Joyce ("Joyce") by his attorneys, Frankfurt Kurnit Klein & Selz, P.C., answers the complaint filed by plaintiff Jacqueline Britt ("Complaint") as follows:

  1. Denies the allegations in Paragraph 1 of the Complaint.

  2. Denies the allegations in Paragraph 2 of the Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages.

  3. Does not respond to the allegations contained in Paragraph 3 of the Complaint on the ground that they constitute legal conclusions or otherwise do not require a response, except denies that any unlawful act occurred and admits that Plaintiff purports to base jurisdiction on the recited statute.

  4. Does not respond to the allegations contained in Paragraph 4 of the Complaint on the ground that they constitute legal conclusions or otherwise do not require a response, except

denies that any unlawful act occurred and admits that Plaintiff purports to base venue on the recited statute.

5. Admits the allegations contained in Paragraph 5 of the Complaint.

6. Denies the allegations of Paragraph 6, except admits that Joyce resides in Westchester County, New York.

7. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 7 of the Complaint.

8. Denies the allegations contained in Paragraph 8 of the Complaint.

9. Denies the allegations contained in Paragraph 9 of the Complaint, except denies knowledge or information sufficient to respond to the allegations contained in the first sentence of Paragraph 9.

10. Denies the allegations contained in Paragraph 10 of the Complaint, except (a) denies knowledge or information sufficient to respond as to whether Britt held equity sales trader positions at Morgan Stanley and Bank of America, and (b) admits that Britt once worked at Morgan Stanley.

11. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 12 of the Complaint.

13. Denies the allegations contained in Paragraph 13 of the Complaint, except denies knowledge or information sufficient to respond to whether other male members of the equities trading group fiercely resented Britt's presence.

14. Denies the allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint, except admits that for a time, Britt was seated near Joyce.

16. Denies the allegations contained in Paragraph 16 of the Complaint, except admits that Joyce's title is Managing Director.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 18 of the Complaint, except denies that any conduct by Joyce was unlawful, and refers the Court to Exhibit A for its contents.

19. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 19 of the Complaint, except denies that Joyce harassed Brit or that Joyce's conduct was unlawful.

20. Denies the allegations contained in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 23 of the Complaint, except denies these allegations as they pertain to Joyce.

24. Denies the allegations contained in Paragraph 24 of the Complaint, except denies knowledge or information sufficient to respond as to whether Plaintiff resigned from Merrill Lynch & Co., Inc.

## FIRST CAUSE OF ACTION

25. Repeats and reasserts responses in Paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Does not respond to the allegations contained in Paragraph 26 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

27. Does not respond to the allegations contained in Paragraph 27 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

28. Denies the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 31 of the Complaint.

32. Denies the allegations contained in Paragraph 32 of the Complaint.

33. Denies the allegations contained in Paragraph 33 of the Complaint.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

## SECOND CAUSE OF ACTION

35. Repeats and reasserts responses in Paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36. Does not respond to the allegations contained in Paragraph 36 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

37. Does not respond to the allegations contained in Paragraph 37 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 39 of the Complaint, except denies the allegations as they pertain to Joyce.

40. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 40 of the Complaint, except denies the allegations as they pertain to Joyce.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

### THIRD CAUSE OF ACTION

44. Repeats and reasserts responses in Paragraphs 1 through 43 of the Complaint as though fully set forth herein.

45. Denies the allegations contained in Paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 47 of the Complaint, except denies the allegations as they pertain to Joyce.

48. Denies the allegations contained in Paragraph 48 of the Complaint.

49. Denies the allegations contained in Paragraph 49 of the Complaint.

50. Denies the allegations contained in Paragraph 50 of the Complaint.

### FOURTH CAUSE OF ACTION

51. Repeats and reasserts responses in Paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52. Does not respond to the allegations contained in Paragraph 52 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

53. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 53 of the Complaint, except denies the allegations as they pertain to Joyce.

54. Denies the allegations contained in Paragraph 54 of the Complaint.

55. Denies the allegations contained in Paragraph 55 of the Complaint.

56. Denies the allegations contained in Paragraph 56 of the Complaint.

## FIFTH CAUSE OF ACTION

57. Repeats and reasserts responses in Paragraphs 1 through 56 of the Complaint as though fully set forth herein.

58. Does not respond to the allegations contained in Paragraph 58 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

59. Does not respond to the allegations contained in Paragraph 59 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

60. Denies the allegations contained in Paragraph 60 of the Complaint.

61. Denies the allegations contained in Paragraph 61 of the Complaint, except denies knowledge or information sufficient to respond as to conduct by other employees.

62. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 62 of the Complaint, except denies the allegations as they pertain to Joyce.

63. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 63 of the Complaint.

64. Denies the allegations contained in Paragraph 64 of the Complaint.

65. Denies the allegations contained in Paragraph 65 of the Complaint.

66. Denies the allegations contained in Paragraph 66 of the Complaint.

### SIXTH CAUSE OF ACTION

67. Repeats and reasserts responses in Paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68. Does not respond to the allegations contained in Paragraph 68 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

69. Denies the allegations contained in Paragraph 69 of the Complaint.

70. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 70 of the Complaint, but denies the allegations as they pertain to Joyce.

71. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 71 of the Complaint, but denies the allegations as they pertain to Joyce.

72. Denies the allegations contained in Paragraph 72 of the Complaint.

73. Denies the allegations contained in Paragraph 73 of the Complaint.

74. Denies the allegations contained in Paragraph 74 of the Complaint.

### SEVENTH CAUSE OF ACTION

75. Repeats and reasserts responses in Paragraphs 1 through 74 of the Complaint as though fully set forth herein.

76. Denies the allegations contained in Paragraph 76 of the Complaint.

77. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 77 of the Complaint.

78. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 78 of the Complaint, but denies the allegations as they pertain to Joyce.

79. Denies the allegations contained in Paragraph 79 of the Complaint.

80. Denies the allegations contained in Paragraph 80 of the Complaint.

81. Denies the allegations contained in Paragraph 81 of the Complaint.

## EIGHTH CAUSE OF ACTION

82. Repeats and reasserts responses in Paragraphs 1 through 81 of the Complaint as though fully set forth herein.

83. Does not respond to the allegations contained in Paragraph 83 of the Complaint on the ground they constitute legal conclusions or otherwise do not require a response.

84. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 84 of the Complaint, but denies the allegations as they pertain to Joyce.

85. Denies the allegations contained in Paragraph 85 of the Complaint.

86. Denies the allegations contained in Paragraph 86 of the Complaint.

87. Denies the allegations contained in Paragraph 87 of the Complaint.

88. Denies the allegations of the ad damnum clause.

89. Denies all allegations to which no other response has been given.

## AS AND FOR A FIRST DEFENSE

90. The Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

91. Plaintiff's claims are barred, at least in part, by the applicable statute of limitations.

## AS AND FOR A THIRD DEFENSE

92. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

## AS AND FOR A FOURTH DEFENSE

93. Plaintiff's claims are barred against Joyce because he is not a proper party.

### AS AND FOR A FIFTH DEFENSE

94. Defendant Merrill Lynch & Co., Inc. did not employ Plaintiff and therefore is not a proper party.

### AS AND FOR A SIXTH DEFENSE

95. Plaintiff failed to satisfy the requirements to a cause of action under Article 8 of the Administrative Code of the City of New York.

### AS AND FOR A SEVENTH DEFENSE

96. Defendant Joyce had no supervisory responsibility over, or supervisory role with respect to Britt, and did not make decisions about her employment status.

### AS AND FOR A EIGHTH DEFENSE

97. Upon information and belief, any adverse performance reviews that Britt received were accurate and based upon her performance.

WHEREFORE, Defendant Richard Joyce requests entry of judgment (1) against Plaintiff dismissing the Complaint with prejudice, (2) awarding Defendant attorneys' fees and the costs and disbursements of this action, and (3) granting Defendant such other and further relief as the Court may deem, just and proper.

Dated: New York, New York
       August 18, 2008

                FRANKFURT KURNIT KLEIN & SELZ, P.C.

                By: /s/ Ronald C. Minkoff
                    Ronald C. Minkoff, Esq.
                    Lia N. Brooks, Esq.
                488 Madison Avenue, 10th Floor
                New York, New York  10022
                (212) 980-01020
                rminkoff@fkks.com
                lbrooks@fkks.com
                *Attorneys for Defendant Richard Joyce*

To: Paul J. Hanly, Jr., Esq.
Andrea Bierstein, Esq.
112 Madison Avenue, 7th Floor
New York, New York 10016
(212) 784-6400
phanly@hanlyconroy.com
abierstein@hanlyconroy.com
*Attorneys for Plaintiff Jacqueline Britt*

Kevin B. Leblang
Izabel P. McDonald
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
kleblang@kramerlevin.com
imcdonald@kramerlevin.com
*Attorneys for Defendant Merrill Lynch & Co., Inc.*